UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWART F. GROSSMAN, TRUSTEE<br>　　　　　Plaintiff,<br><br>v.<br><br>DOMENIC NICOLACI<br>JOHN NICOLACI<br>ROSALIE HASSEY<br>LISA BOLING<br>LORI BOLING RANDALL<br>　　　　　Defendants | C.A. No. 03-12641-FDS |

## PLAINTIFF'S MOTION IN LIMINE TO APPROVE SETTLEMENT BY AND BETWEEN PLAINTIFF CHAPTER 7 TRUSTEE AND DEFENDANT JOHN NICOLACI

The plaintiff, Stewart F. Grossman, as Trustee of the Estate of Cliftex Corporation ("Trustee"), files this motion *in limine* to approve the settlement reached by and between the Trustee and Defendant John Nicolaci as set forth in the Stipulation of Settlement executed by the parties and attached hereto as Exhibit A. In support hereof, the Trustee states as follows:

1.　The Trustee and Defendant John Nicolaci reached a settlement relating to this matter, which settlement is embodied in that Stipulation of Settlement dated November 23, 2004.

2.　On November 23, 2004, the Trustee filed his Motion to Approve Stipulation of Settlement by and between Chapter 7 Trustee and John Nicolaci with the Bankruptcy Court (the "Motion to Approve Stipulation"). A copy of the Motion to Approve Stipulation is attached hereto as Exhibit B.

3.　On December 2, 2004, the Bankruptcy Court entered an Order stating that "the [Bankruptcy] Court shall take no action on the Motion to Approve Stipulation until such time as

the United States District Court has had an opportunity to review and approve the Stipulation, or directs this Court to review and approve it." A copy of the Bankruptcy Court's Order is attached hereto as Exhibit C.

4. For the reasons set forth in the Motion to Approve Stipulation, this Court should therefore enter an Order approving the Stipulation of Settlement.

5. In the alternative, this Court should enter an Order directing the Bankruptcy Court to immediately approve the Stipulation of Settlement so that the parties may proceed with the trial of this matter against all remaining defendants on December 13, 2004 as scheduled.

WHEREFORE, the Trustee requests that this Court enter on Order approving the Stipulation of Settlement, or, in the alternative, remand the matter to the Bankruptcy Court for immediate determination.

STEWART F. GROSSMAN,
CHAPTER 7 TRUSTEE,

By his attorneys,

--/S/ Pamela A. Harbeson
Charles P. Kindregan, Esq. (BBO#554947)
Pamela A. Harbeson, Esq.(BBO #561479)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800
Email: pharbeson@lgllp.com

DATE: December 2, 2004

**CERTIFICATE OF SERVICE**

I, Pamela A. Harbeson, hereby certify that on this 29th day of November, 2004 the foregoing pleading is being filed electronically and accordingly will be served on all counsel of record electronically via the ECF filing system.

/s/ Pamela A. Harbeson
Pamela A. Harbeson (BBO# 561479)



UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>CLIFTEX CORPORATION<br>               Debtor. | Chapter 7<br>Case No. 00-15532-JNF |
| IN RE:<br><br>STEWART F. GROSSMAN,<br>TRUSTEE<br>               Plaintiff,<br><br>v.<br><br>DOMENIC NICOLACI,<br>JOHN NICOLACI,<br>ROSALIE HASSEY,<br>LISA BOLING, and<br>LORI BOLING RANDALL<br>               Defendants | Adv. Proc. No. 02-1109 |

## STIPULATION OF SETTLEMENT BY AND BETWEEN
## CHAPTER 7 TRUSTEE AND JOHN NICOLACI

This Stipulation is entered into this 23rd day of November, 2004 by and between Stewart F. Grossman, the Chapter 7 Trustee (the "Trustee") of the estate of Cliftex Corporation (the "Debtor") and John Nicolaci.

WHEREAS, on August 16, 2000 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

WHEREAS, the Trustee was appointed as Chapter 7 trustee of the Debtor shortly thereafter.

WHEREAS, prior to the Petition Date, the Debtor was in the business of manufacturing and distributing men's clothing, and for decades, the Debtor manufactured suits, sports coats, and other men's clothing items under a variety of trade names.

WHEREAS, prior to January 16, 1998, John Nicolaci was a shareholder, officer and director of the Debtor.

WHEREAS, on January 16, 1998, the Debtor purchased certain stock from its shareholders, including all shares owned by John Nicolaci in the Debtor, pursuant to which John Nicolaci received $1,000,00 in cash, a promissory note for $200,000 and a Ferrari automobile.

WHEREAS, after reviewing the books and records of the Debtor, on March 27, 2002, the Trustee filed a complaint commencing this adversary proceeding (the "Complaint"), asserting, among other things, that the Debtor's purchase of John Nicolaci's stock constituted a fraudulent transfer and that John Nicolaci breached his fiduciary duties of loyalty and care to the Debtor.

WHEREAS, the Trustee and John Nicolaci wish to avoid the costs, delay and uncertainty of litigation.

NOW, THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, it is hereby agreed and stipulated as follows:

1. Within two weeks following Bankruptcy Court approval of this Agreement,

    a. John Nicolaci shall pay to the Trustee the sum of $312,500.00.

    b. John Nicolaci shall voluntarily appear at the Trustee's office at a mutually agreeable time for an informal examination concerning facts relevant to the merits of the Complaint, and John Nicolaci shall subsequently appear as a fact witness at trial of the above-referenced adversary proceeding upon issuance of a trial subpoena, service of which subpoena shall be accepted by counsel to John Nicolaci..

  c. John Nicolaci shall have confirmed to the Trustee's reasonable satisfaction that John Nicolaci's financial condition is substantially as represented to the Trustee in support of the parties' agreement to settlement.

  d. This stipulation shall represent the settlement of all claims of each of the parties hereto against the other and this Stipulation of Settlement constitutes the general mutual release of each party releasing the other from any and all claims and obligations except as specifically set forth herein, and the parties shall execute and exchange a mutual general release in the form attached hereto as Exhibit A.

2. The terms of this Stipulation are conditioned upon approval by the Bankruptcy Court. Upon such approval, this Stipulation shall be binding upon and inure to the benefit of the parties to this Stipulation and their respective successors, heirs and assigns.

3. Nothing contained herein shall constitute an admission of liability on the part of John Nicolaci with respect to any claims asserted by the Trustee in the Complaint.

This Agreement shall take effect as an instrument under seal as of the date first above written.

| | |
|---|---|
| JOHN NICOLACI | STEWART F. GROSSMAN, CHAPTER 7 TRUSTEE |
| By his attorneys, | By his attorneys, |
| *Louis J. DiFronzo, Jr. (uh)* | *Pamela A. Harbeson* |
| David J. Reier, Esq. (BBO #546202) | Charles P. Kindregan, Esq. (BBO #554947) |
| Louis J. DiFronzo, Jr. (BBO #552410) | Pamela A. Harbeson, Esq. (BBO# 561479) |
| SEYFARTH SHAW LLP | LOONEY & GROSSMAN LLP |
| World Trade Center East | 101 Arch Street |
| Two Seaport Lane, Suite 300 | Boston, Massachusetts 02110 |
| Boston, MA 02210-2028 | (617) 951-2800 |
| (617) 946-4800 | |



# MUTUAL RELEASE AND WAIVER OF CLAIMS

This Mutual Release and Waiver of Claims (the "Release") is made as of the __ day of December, 2004, by and between Stewart F. Grossman, Esquire, duly appointed Chapter 7 trustee in that certain bankruptcy proceeding styled, In re: Cliftex Corporation, Case No. 00-15532-JNF, on behalf of himself as trustee and on behalf of the aforereferenced bankruptcy estate, its agents, successors and assigns (collectively, the "Trustee") and John Nicolaci ("J. Nicolaci"). For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

Each party for himself and on behalf of his administrators, affiliated entities, successors, heirs, assigns and legal representatives, jointly and severally, hereby release, acquit and forever discharge the other party, his respective agents, attorneys, successors, heirs and assigns of and from any and all manner of action and actions, cause and causes of action, suits, debts, controversies, damages, judgments, executions, claims and demands whatsoever, asserted or unasserted, in contract, tort, law or in equity, which each party ever had or now has against the other based upon or by reason of any matter, cause, causes or thing whatsoever, whether known or unknown, including but not limited to any claim that relates to, in whole or in part, directly or indirectly, the claims and allegations asserted by the Trustee in that certain Adversary Proceeding, Case No. 02-1109-JNF, styled, Grossman, Chapter 7 Trustee v. John Nicolaci, et al. (the "Adversary Proceeding").

Notwithstanding the foregoing, nothing herein shall constitute a release or waiver of the rights or responsibilities of each party hereto under that certain Stipulation of Settlement by and between Chapter 7 Trustee and John Nicolaci dated November 23, 2004.

Nothing herein shall release, waive or otherwise affect any rights or obligations of any party with respect to the Adversary Proceeding other than the Trustee and J. Nicolaci as specifically set forth herein.

Each party represents and warrants that he has full and complete authorization and power to execute this Release; and this Release is a valid, binding and enforceable obligation of him and does not violate any law, rule, regulation, contract or agreement otherwise enforceable by or against him. The parties' execution of this Release is not based upon their reliance upon any representation, understanding or agreement not expressly set forth in this Release, and no party (or its agent) has made any representations to any other party (or its agent) not expressly set forth herein; and further, but not in limitation of the foregoing, the parties have made no representations to another which relate to or affect the consideration, cause or any condition for which this Release is granted and which representations have not been expressly embodied herein. The parties have not conveyed, transferred, assigned, pledged or otherwise encumbered any claim or causes of action covered by or set forth in this Release. The parties acknowledge and agree that the parties' requirement of exchanging this mutual Release in no way implies any wrongdoing or malfeasance by the parties, but is rather intended to be a broad release of any and all claims that the parties may or could assert against each other. The parties each acknowledge that their entering into this Release constitutes good and valuable consideration to the parties. If any term, provision, covenant or condition of this Release is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

BO1 15678772.3

IN WITNESS WHEREOF, the parties have executed this Release as an instrument under seal to be governed by the laws of The Commonwealth of Massachusetts as of the date first above written.

| WITNESS: | "TRUSTEE": |
|---|---|
| | |
| | Stewart F. Grossman, Chapter 7 Trustee |
| _____ | _____ |
| WITNESS: | "J. NICOLACI": |
| | |
| _____ | _____ |
| | John Nicolaci |

2

BO1 15678772.3


EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| CLIFTEX CORPORATION ) | Case No. 00-15532-JNF |
| Debtor. ) | |

### MOTION TO APPROVE STIPULATION OF SETTLEMENT
### BY AND BETWEEN CHAPTER 7 TRUSTEE AND JOHN NICOLACI

Stewart F. Grossman, the Chapter 7 Trustee (the "Trustee") of the estate of Cliftex Corporation (the "Debtor") hereby moves this Court for an Order approving the Stipulation of Settlement by and between Chapter 7 Trustee and John Nicolaci (the "Stipulation") contemporaneously filed herewith. In support hereof, the parties state as follows:

1. On August 16, 2000 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. The Trustee was appointed shortly thereafter.

2. Prior to the Petition Date, the Debtor was in the business of manufacturing and distributing men's clothing, and for decades, the Debtor manufactured suits, sports coats, and other men's clothing items under a variety of trade names.

3. Prior to January 16, 1998, John Nicolaci was a shareholder, officer and director of the Debtor.

4. On January 16, 1998, the Debtor purchased certain stock from its shareholders, including all shares owned by John Nicolaci in the Debtor, pursuant to which John Nicolaci received $1,000,00 in cash, a promissory note for $200,000 and a Ferrari automobile.

5.  After reviewing the books and records of the Debtor, on March 27, 2002, the Trustee filed a complaint commencing an adversary proceeding captioned <u>Grossman v. Nicolaci, et al.</u>, (the "Complaint"), asserting, among other things, that the Debtor's purchase of John Nicolaci's stock constituted a fraudulent transfer and that John Nicolaci breached his fiduciary duties of loyalty and care to the Debtor.

6.  The Trustee and John Nicolaci wish to avoid the costs, delay and uncertainty of litigation. Accordingly, the Trustee and John Nicolaci have agreed, subject to Court approval, to enter into the Stipulation, which generally provides that: (i) John Nicolaci shall pay to the Trustee the sum of $312,500.00; (ii) John Nicolaci shall voluntarily appear at the Trustee's office at a mutually agreeable time for an informal examination concerning facts relevant to the merits of the Complaint, and John Nicolaci shall subsequently appear as a fact witness at trial of the above-referenced adversary proceeding upon issuance of a trial subpoena, service of which subpoena shall be accepted by counsel to John Nicolaci; (iii) John Nicolaci shall have confirmed to the Trustee's reasonable satisfaction that John Nicolaci's financial condition is substantially as represented to the Trustee in support of the parties' agreement to settlement; and (iv) the parties shall execute a mutual general release as specifically set forth in the Stipulation.

7.  The Trustee respectfully submits that the Stipulation satisfies the test put forth in <u>Jeffrey v. Desmond</u>, 70 F.3d 183, 185 (1st Cir. 1995) for compromises of claims against a debtor's estate and therefore should be approved.

WHEREFORE, the Trustee moves this Court to approve the Stipulation and to grant such other and further relief as is just and proper.

                Respectfully submitted,

Dated: November 23, 2004       STEWART F. GROSSMAN,
                                    CHAPTER 7 TRUSTEE

                By his attorneys,

                /s/ Pamela A. Harbeson
                Pamela A. Harbeson (BBO 561479)
                LOONEY & GROSSMAN, LLP
                101 Arch Street
                Boston, MA 02110-1112
                (617) 951-2800



# United States Bankruptcy Court
## District of Massachusetts

In re
CLIFTEX CORPORATION,
    Debtor

Chapter 7
Case No. 00-15532-JNF

STEWART F. GROSSMAN, TRUSTEE,
    Plaintiff
v.
DOMENICK NICOLACI, JOHN NICOLACI,
ROSALIE HASSEY, LISA BOLING, LORI
BOLING RANDALL,
    Defendants

Adv. P. No. 02-1109

## ORDER

Upon consideration of 1) the Motion to Approve Stipulation filed in the above-captioned case as well as the Stipulation between Stewart F. Grossman and John Nicolaci filed in the above-captioned adversary proceeding, and 2) the transfer of this adversary proceeding to the United States District Court for the District of Massachusetts, the Court shall take no action on the Motion to Approve Stipulation until such time as the United States District Court has had an opportunity to review and approve the Stipulation, or directs this Court to review and approve it.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: November 30, 2003
cc: Charles P. Kindregan, Esq., Charles R. Bennett, Jr., Esq., Louis J. DiFronzo, Esq.