UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEWART F. GROSSMAN, TRUSTEE | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 03-12641-FDS |
| v. | ) ) | |
| DOMENIC NICOLACI JOHN NICOLACI ROSALIE HASSEY LISA BOLING LORI BOLING RANDALL Defendants | ) ) ) ) ) ) ) | |

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE RELATING TO HEALTH OF
DEFENDANTS' FAMILY MEMBERS

The plaintiff, Stewart F. Grossman, as Trustee of the Estate of Cliftex Corporation ("Trustee"), files this motion *in limine* to exclude any evidence of the physical health and condition of any member of the defendants' family, and similar family issues that are not relevant to this case.

BACKGROUND

Upon information and belief, one or more of the Nicolaci defendants or their family members may intend to testify about the health of various family members or other family circumstances. In an examination pursuant to Bankruptcy Court Rule 2004, Domenic Nicolaci stated that his wife was "seriously ill and taking blood transfusions." (See 2004 Exam, pp. 19-20, Ex. A attached hereto). According to Mr. Nicolaci's counsel

at the examination, Mrs. Nicolaci suffers from "Gilliom-Barre Syndrome." (Id). Upon information and belief, Mrs. Nicolaci has continued to have health problems.

Mr. Nicolaci also stated that he suffered from diabetes, high blood pressure, and a low platelet count. (Id, pp. 19-20). Mr. Nicolaci further stated that he has had operations and a problem with bleeding (Id., pp. 121-122). Mr. Nicolaci also commented that his son had died in the hospital. (Id., pp. 19-20).

## ARGUMENT

While the health problems of the Nicolacis, and the death of their son, are unfortunate, those issues are not relevant to the issues in this case. This case involves the question of whether Cliftex was solvent at the time of the stock redemption, and whether Cliftex received equivalent value for all of the money and property it transferred to the Nicolacis in return for shares of Cliftex stock. The health of the family, and the death of the son, are irrelevant.

Fed.R.Evid. 402 is clear that "[e]vidence which is not relevant is not admissible." When evidence is not relevant to an issue, it is not admissible. See e.g. *Richards v. Relentless, Inc.*, 341 F.3d 35, 50 (1st Cir. 2003)(evidence of seaman's physical ailment was irrelevant to issues unless there was some evidence connecting it to a relevant issue and in the absence of such issue it was properly excluded); *Connelly v. Hyundai Motor Corp.*, 351 F.3d 543-544 (1st Cir. 2003)(evidence of whether plaintiff was wearing seatbelt was not relevant to issue of whether airbag system was designed properly, and jury was properly instructed not to consider it for that purpose).

Moreover, under Fed.R.Evid. 403, the Court should exclude evidence, even when relevant, if it is unfairly prejudicial. If the "probative value" of the evidence is

"substantially outweighed by the danger of unfair prejudice," exclusion is appropriate. *Id*. Here, there is little if any probative value to the sicknesses of the Nicolaci family members or the death of their son. On the other hand, such matters could be used to unfairly elicit sympathy and compassion, emotions which might lead the jury to misapply the law or ignore the law. "Unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee Note to Fed.R.Evid. 403. This is precisely the type of circumstance in which such prejudicial evidence should be excluded.

## CONCLUSION

Wherefore, the plaintiff asks this Court to Order that the defendants be precluded from eliciting or introducing any evidence pertaining to the health of any member of the Nicolaci family, or the death of Domenic Nicolaci's son.

STEWART F. GROSSMAN,
CHAPTER 7 TRUSTEE,

By his attorneys,

   --/S/ Charles Kindregan
Charles P. Kindregan, Esq.
(BBO#554947)
Pamela A. Harbeson, Esq.
(BBO #561479)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA  02110
DATE:  December 6, 2004            (617) 951-2800

**CERTIFICATE OF SERVICE**

     I, Charles P. Kindregan, hereby certify that on this 6th day of December, 2004 the foregoing pleading is being filed electronically and accordingly will be served on all counsel of record electronically via the ECF filing system.

                                            /s/ Charles P. Kindregan
                                     Charles P. Kindregan (BBO# 554947)
                                     LOONEY & GROSSMAN LLP
                                     101 Arch Street
                                     Boston, MA 02110
                                     (617) 951-2800