UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEWART F. GROSSMAN, TRUSTEE | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 03-12641-FDS |
| v. | ) ) | |
| DOMENIC NICOLACI JOHN NICOLACI ROSALIE HASSEY LISA BOLING LORI BOLING RANDALL Defendants | ) ) ) ) ) ) ) | |

PLAINTIFF'S MOTION IN LIMINE TO BAR DEFENDANTS
FROM CALLING PLAINTIFFS' COUNSEL AS WITNESSES

The defendants' witness list includes as potential and "expected" witnesses, Charles Kindregan and Pamela Harbeson (collectively "Kindregan and Harbeson"). Kindregan and Harbeson are counsel to the plaintiff and will be acting as trial counsel in this action. There is no legitimate reason to call plaintiff's trial counsel as witnesses, and plaintiff moves *in limine* for an order precluding defendants from calling Kindregan and Harbeson.

BACKGROUND

The parties filed a Joint Pre-Trial Memorandum in this case. On the defendants' witness list they included Kindregan and Harbeson as witnesses.

ARGUMENT

The issues in this case are whether Domenic Nicolaci and the other defendants received a fraudulent transfer in 1998.  There is an issue of whether Cliftex was solvent and whether Cliftex received reasonably equivalent value from the Nicolacis.  There are also issues relating to whether Domenic Nicolaci breached his fiduciary duty to Cliftex.  Kindregan and Harbeson do not have any personal knowledge of *any* of these issues.  They could not be witnesses.  Fed.R.Evid. 602.

In the counterclaims, defendants allege that they are entitled to recover for breach of warranty (under the Stock Purchase Agreement between Cliftex and the Nicolacis) and for breach of a Promissory Note and of a Consulting Agreement.  Kindregan and Harbeson do not have any personal knowledge about these underlying contracts, and could not be witnesses.  Fed.R.Evid. 602.

To the extent that defendants hope to elicit testimony about work product, privileged communications, or information developed or learned during discovery or the underlying bankruptcy proceedings, such evidence would be inappropriate.  It would either be excluded as privileged under Massachusetts law (Fed.R.Evid. 501), or be hearsay that counsel learned during the case (Fed.R.Evid. 802).

Perhaps defendants wish to prove that the Trustee also brought an action against another stockholder of Cliftex, Joel Anapol.  To the extent that defendants seek to prove some act of counsel in this or another case, such evidence is irrelevant to the facts in this case.  Whether or not someone else injured the bankruptcy estate has no bearing on whether the defendants engaged in a fraudulent transfer.  Moreover, even if the filing of an action against Anapol was relevant, there is certainly no need to call Kindregan and Harbeson to prove such an act.

Kindregan and Harbeson have never believed that the defendants had any basis to call them as witnesses  The defendants have never sought to disqualify Kindregan and Harbeson as counsel, confirming that they lack a legitimate basis to call Kindregan and Harbeson as witnesses. It would be highly prejudicial to allow the defendants to call Kindregan and Harbeson as witnesses.

## CONCLUSION

Wherefore the plaintiff asks that this Court strike Kindregan and Harbeson from the defendants' witness list and Order that Kindregan and Harbeson may not be called as witnesses.

                                                STEWART F. GROSSMAN,
CHAPTER 7 TRUSTEE,

By his attorneys,

  --/S/ Charles Kindregan
Charles P. Kindregan, Esq.
(BBO#554947)
Pamela A. Harbeson, Esq.
(BBO #561479)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA  02110
DATE:  December 6, 2004                (617) 951-2800

## **CERTIFICATE OF SERVICE**

      I, Charles P. Kindregan, hereby certify that on this 6th day of December, 2004 the foregoing pleading is being filed electronically and accordingly will be served on all counsel of record electronically via the ECF filing system.

                                                          /s/ Charles P. Kindregan
                                        Charles P. Kindregan (BBO# 554947)
                                        LOONEY & GROSSMAN LLP
                                        101 Arch Street
                                        Boston, MA  02110
                                        (617) 951-2800