UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEWART F. GROSSMAN, TRUSTEE | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 03-12641-FDS |
| v. | ) ) | |
| DOMENIC NICOLACI JOHN NICOLACI ROSALIE HASSEY LISA BOLING LORI BOLING RANDALL Defendants | ) ) ) ) ) ) ) | |

PLAINTIFF'S MOTION IN LIMINE TO CONFIRM THAT
DEFENDANTS' COUNTERCLAIMS, TO THE EXTENT THEY ARE SUCCESSFUL,
ARE NOT SETOFFS AGAINST PLAINTIFF'S CLAIMS, AND TO RESERVE
RULING ON EQUITABLE SUBORDINATION
FOR DETERMINATION BY THE COURT

The plaintiff moves *in limine* that the Court 1) confirm that the defendants' counterclaims, if they are successful, are *not* set-offs to any recovery by the plaintiff, and 2) reserve ruling on the equitable subordination claims until the conclusion of the jury trial portion of this action. The issue of equitable subordination is an equitable issue for the Court and not one on which the defendants are entitled to a jury trial.

BACKGROUND

The defendants have asserted Counterclaims for breach of contract against the bankruptcy estate of Cliftex. The claims are in six counts, as follows:

    a.    Counts I and VI of the Counterclaim, seeking indemnification, have been dismissed and need not be tried.

  b. Count II is a claim by all defendants alleging that if the Trustee succeeds on his claims, then Cliftex has breached a warranty provision of the January 16, 1998 contract.

  c. Count III is a claim by defendant Domenic Nicolaci alleging that Cliftex breached a Promissory Note by failing to make payments to him.

  d. Count IV is a claim by defendant Domenic Nicolaci alleging that Cliftex breached a Consulting Contract by failing to make payments to him.

  e. Count V is a claim by defedant Domenic Nicolaci that Cliftex breached the "Addendum" to the January 16, 1998 contract by failing to maintain insurance policies for the benefit of Domenic Nicolaci.

## ARGUMENT

A. The Counterclaims Are Not Set-Offs to Any Recovery By Plaintiff

The defendants' counterclaims, even if successful, are by definition general unsecured claims against the bankruptcy estate. They are not secured, nor are they entitled to any priority status under the Bankruptcy Code.

Critically, any recovery by the defendants *cannot* be a setoff against amounts recovered by the plaintiff in this action. The general rule is that, in an action by a trustee to recover money paid or property transferred to a creditor as a fraudulent transfer, the creditor cannot offset this liability against the creditor's claim against the debtor. See 5 Collier on Bankruptcy, ¶ 553.03[3][e] (15th ed., 2004). "A fraudulent conveyance cannot be offset against or exchanged for a general unsecured claim….[Setoffs] do not apply to actions by the Trustee to recover fraudulent transfers: 'It would defeat the purpose of the Bankruptcy Act's provision relating to fraudulent transfers to allow [defendant creditors] to offset the value of the property thus transferred to them by the amount of their unsecured claim against [the debtor].'" Acequia, Inc. v. Clinton (In re Acequia, Inc.), 34

F.3d 800, 817 (9th Cir. 1994) (*quoting* Bustamonte v. Johnson (In re McConnell), 934 F.2d 662, 667 (5th Cir. 1991) (other citations omitted).

Indeed, the defendants counterclaims must be disallowed in full unless and until they actually make payment to the estate of the entire amount received as a fraudulent transfer in connection with the Stock Redemption.  Section 502(d) of the Bankruptcy Code requires the disallowance of a claim of a transferee of a voidable transfer *in toto* if the transferee has not paid the amount for which the transferee is liable.  11 U.S.C. §502(d).[1]

B.  The Equitable Subordination Issue Should Be Resolved By the Court

Finally, any amounts owed by the Bankruptcy estate of Cliftex to Domenic Nicolaci should be equitably subordinated to the claims of other creditors.  The plaintiff has asked for equitable subordination in the Complaint (Count VIII).  This issue should be resolved by the Court after the jury has resolved the claims of plaintiff and defendants.

Equitable subordination is authorized by statute.  11 U.S.C. § 510(c) provides that the Court may subordinate all or part of a claim against the bankruptcy estate to the claims of other creditors.  The relevant principles are clear in the First Circuit cases, which authorize equitable subordination when the claimant engages in inequitable conduct that causes a detriment to other creditors.  See e.g. *Capitol Bank & Trust Co. v. 604 Colombus Ave Realty Trust*, 968 F.2d 1332, 1353 (1st Cir. 1992); *Boyajian v. DeFusco*, 862 F.2d 933 (1st Cir. 1988).

---

[1] Section 502(d) of the Bankruptcy Code provides, in relevant part, "[T]he court shall disallow any claim of any entity from which property is recoverable under section … 550… of this title…, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section … 550 … of this title." 11 U.S.C §502(d).

3

Equitable subordination is particularly appropriate in cases like this involving a transaction between an insider and the debtor. *Capitol Bank & Trust Co.*, 968 F.2d at 1360. Indeed, such transactions must be scrutinized closely. Id.

The Court is the sole arbiter of equitable subordination. It is an equitable matter entrusted to the Court by statute. There is no right to a jury trial on the issue of equitable subordination. The equitable subordination issues can be briefed after trial based on the evidence elicited at trial.

## CONCLUSION

Wherefore, the plaintiff asks this Court to:

1. Order that the defendants' counterclaims, if successful, constitute general unsecured claims against the bankruptcy estate of Cliftex, and are not set-offs against any recovery by the plaintiff;

2. Order that the equitable subordination issue will not be submitted to the jury, but rather will be resolved by the Court after the jury renders its verdict.

STEWART F. GROSSMAN,
CHAPTER 7 TRUSTEE,

By his attorneys,

 --/S/ Charles Kindregan
Charles P. Kindregan, Esq.
(BBO#554947)
Pamela A. Harbeson, Esq.
(BBO #561479)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
DATE: December 6, 2004          (617) 951-2800

## **CERTIFICATE OF SERVICE**

      I, Charles P. Kindregan, hereby certify that on this 6th day of December, 2004 the foregoing pleading is being filed electronically and accordingly will be served on all counsel of record electronically via the ECF filing system.

                                                            /s/ Charles P. Kindregan
                                        Charles P. Kindregan (BBO# 554947)
                                        LOONEY & GROSSMAN LLP
                                        101 Arch Street
                                        Boston, MA  02110
                                        (617) 951-2800