UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEWART F. GROSSMAN, TRUSTEE <br>         Plaintiff, <br><br> v. <br><br> DOMENIC NICOLACI <br> JOHN NICOLACI <br> ROSALIE HASSEY <br> LISA BOLING <br> LORI BOLING RANDALL <br>         Defendants | C.A. No. 03-12641-FDS |

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE RELATING TO ACTION FILED AGAINST
THE ANAPOLS AND SETTLEMENT OF THE SAME

The plaintiff, Stewart F. Grossman, as Trustee of the Estate of Cliftex Corporation ("Trustee"), files this motion *in limine* to exclude any evidence of the fact that the Trustee filed, and eventually settled, an Adversary Proceeding against Joel Anapol, Walter Anapol, Irma Anapol, and Nantucket Industries, Inc. (The "Anapol Action"). The filing and settlement of that action are irrelevant to the facts in this case. Moreover, admission of such evidence is entirely collateral and will needlessly result in a re-trial of the issues from that other litigation in this action.

BACKGROUND

The defendants' proposed exhibits include 1) the Complaint filed in the Anapol Action, 2) the motion and settlement agreement from the Anapol Action, and 3) the "Trustee's discovery and investigation file regarding the claims of Cliftex against Joel

Anapol, et al." The defendants also propose to call as witnesses Stewart F. Grossman, Joel Anapol, Charles Kindregan, and Pamela Harbeson. Presumably, the defendants intend to elicit some testimony from these witnesses with regard to the Anapol Complaint and the settlement of the Anapol Action.

By way of background, Joel and Walter Anapol were the two remaining shareholders of Cliftex after the Nicolaci defendants redeemed their stock. The Trustee brought claims against the Anapols because there were unpaid "shareholder accounts" on the books of Cliftex at the time of the bankruptcy. In addition, the Trustee alleged that the Anapols acted inappropriately in setting up a Tortola corporation ("Nantucket Industries") to manufacture clothing off-shore because the equipment and initial funding for the off-shore entity came from Cliftex. The Anapol Action was filed as an Adversary Proceeding in the Bankruptcy Court (Adv. Proc. No. 02-1008). In or about April 2003, the Trustee settled with the Anapols and the Bankruptcy Court approved the settlement.

ARGUMENT

The Trustee's filing of an adversary proceeding against the Anapols is irrelevant. The critical issue in this action is whether Cliftex was solvent on January 16, 1998. The Anapol Action involved issues related to shareholder accounts at the time of the bankruptcy (2000), and transfers to Nantucket Industries in late 1998 and 1999. None of the issues in that case has any bearing on the issue of solvency in *January 1998*. Irrelevant evidence is not admissible. Fed.R.Evid. 402.[1]

---

[1] As specifically alleged in the Anapol Action, the transfers to Nantucket Industries occurred *after* the Nicolaci stock redemption and have no bearing on solvency in January 1998. The Anapol shareholder accounts, and their status as of the date of the bankruptcy, are similarly irrelevant to Cliftex's solvency in January 1998. The status of the Anapol shareholder accounts in January 1998 (which was not an issue in the Anapol litigation) were simply an asset of the company that can be proven, if necessary, from the books and records of Cliftex. The Anapol litigation adds nothing to the relevant issues.

Even when evidence is marginally relevant, it should be excluded if the probative value of the evidence is substantially outweighed by the danger of confusion, misleading the jury, or undue delay.  Fed.R.Evid. 403.  Alleged "admissions" in pleadings of other cases are not *per se* admissible, and must be weighed by the trial judge under Fed.R.Evid. 403.  *Vincent v. Louis Marx & Co., Inc.*, 874 F.2d 36, 38-41 (1st Cir. 1989)(reversing trial court for admission of earlier pleading filed by plaintiff, and requiring Rule 403 balancing test for such pleadings).  The "[c]ourts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties."  R. McLaughlin, J. Weinstein, M. Berger, *Weinstein's Federal Evidence* § 403.05[3][a] (Vol. 2, 2004)

Admission of other litigation inevitably creates confusion and delay.  In this case, the admission of the proffered evidence will result in the need to re-try, or at a minimum explain, many of the issues in the Anapol litigation.  Any marginal relevance of such matters is collateral to the issues in this case, and is clearly outweighed by the significant delay and confusion that will result.  As the First Circuit explained in affirming the exclusion of "other case" evidence:

> Moreover, introducing evidence of the two other cases would invevitably result in trying those cases, or at least portions of them, before the jury.  The merits of the two other cases would become inextricably intertwined with the case at bar.  The result would be confusion and the consumption of a great deal of unnecessary time.

*Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989);  see also *U.S. v. Marrero-Ortiz*, 160 F.3d 768, 775 (1st Cir. 1998)(trial court properly excluded evidence of prior local court proceedings because "cases are dismissed for a variety of reasons, many of which are unrelated to culpability" so earlier action was not relevant).

Moreover, the settlement of the Anapol litigation is equally irrelevant. Settlements can occur for many reasons, many of them not relevant to the allegations or the facts. The First Circuit also noted this in *Kinan*:

> And although the complete procedural history of the two cases is not in the record, it is obvious that both were settled prior to verdict. The cases were decided on the basis of negotiations, not finding of fact. The considerations leading to a settlement are many and varied; at times they have little to do with the basic facts of a case.

876 F.2d at 1034. Moreover, Fed.R.Evid. 408 bars evidence of compromise and offers to compromise. Allowing the Trustee's settlement with the Anapols to be used against him would punish the Trustee for resolving those unrelated claims and would undermine the very policy in favor of compromise that gave rise to Rule 408.

## CONCLUSION

Wherefore, the plaintiff asks that this Court exclude the Anapol Complaint, the Anapol Motion and Settlement Agreement, and any other documents or testimony related to the Anapol litigation from evidence.

STEWART F. GROSSMAN,
CHAPTER 7 TRUSTEE,

By his attorneys,

  --/S/ Charles Kindregan
Charles P. Kindregan, Esq.
(BBO#554947)
Pamela A. Harbeson, Esq.
(BBO #561479)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
DATE: December 6, 2004  (617) 951-2800

## **CERTIFICATE OF SERVICE**

I, Charles P. Kindregan, hereby certify that on this 6th day of December, 2004 the foregoing pleading is being filed electronically and accordingly will be served on all counsel of record electronically via the ECF filing system.

                                              _____/s/ Charles P. Kindregan_____
                                              Charles P. Kindregan (BBO# 554947)
                                              LOONEY & GROSSMAN LLP
                                              101 Arch Street
                                              Boston, MA  02110
                                              (617) 951-2800