UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEWART F. GROSSMAN, TRUSTEE, *Plaintiff*, | ) ) ) ) ) | |
| v. | ) ) | C.A. No. 1:03-12641-FDS |
| DOMENICK NICOLACI, JOHN NICOLACI, ROSALIE HASSEY, LISA BOLING, and LORI BOLING RANDALL, *Defendants*. | ) ) ) ) ) ) ) | |

**MOTION IN LIMINE OF DOMENICK NICOLACI, ROSALIE HASSEY,
LISA BOLING, AND LORI BOLING RANDALL TO PRECLUDE THE TRUSTEE
FROM SUBMITTING EVIDENCE OR ARGUMENT REGARDING HIS UNTIMELY
FRAUDULENT TRANSFER CLAIM UNDER M.G.L. c. 109A, § 6(b)**

Defendants Domenick Nicolaci, Rosalie Hassey, Lisa Boling, and Lori Boling Randall (collectively, the "Defendants" or the "Nicolacis") hereby move in limine to preclude the Plaintiff from submitting evidence or argument concerning his fraudulent transfer claim under section 6(b) of the Uniform Fraudulent Transfer Act, which was pleaded in the alternative to his fraudulent transfer claim under section 6(a). The basis for this motion is that the Trustee's section 6(b) claim is untimely under the governing statute of limitations.

In support of this motion, the Nicolacis state as follows:

1. The Trustee has asserted a fraudulent transfer claim under both section 6(a) and section 6(b) of the Uniform Fraudulent Transfer Act ("UFTA"), Mass. G.L. c. 109A, §§ 1-12.

2. Section 6(a) concerns transfers made when the debtor was insolvent (or was rendered insolvent as a result of the transfer) and did not receive reasonably equivalent value in the exchange. Mass. G.L. c. 109A, § 6(a). Section 6(b) concerns preferential transfers to insiders when the debtor was insolvent. Id. § 6(b).

3. Section 10 of the UFTA, which contains the limitations periods applicable to the various causes of action under this statute, fixes a 1-year limitations period for section 6(b) claims. As relevant here, section 10 states:

> A cause of action with respect to a fraudulent transfer or obligation under this chapter shall be extinguished unless action is brought:
>
> ….
>
> ….
>
> (c) under subsection (b) of section six, within **one year** after the transfer was made or the obligation was incurred.

Id. § 10(c) (emphasis added).

4. In the instant case, the transfer at issue, Cliftex's purchase of the Nicolacis' Cliftex stock upon the Nicolacis' retirement from the company, was made on January 16, 1998, the same day on which Cliftex's obligation to undertake the transfer was incurred. Thus, pursuant to UFTA § 10(c), the Trustee had until January 16, 1999 to file his UFTA § 6(b) claim.

5. The Trustee, however, did not file his Complaint alleging fraudulent transfer under UFTA § 6(b) until March 27, 2002, more than three years after the limitations period had lapsed.

6. The provision of the Bankruptcy Code that extends the limitations periods of claims held by the debtor, 11 U.S.C. § 108(a), does not salvage the Trustee's claim under UFTA § 6(b) because this claim expired on January 16, 1999, more than a year and a half before Cliftex filed its bankruptcy petition on August 16, 2000.

7. In this respect, section 108(a) of the Bankruptcy Code makes clear that it extends the limitations periods for live claims but does not resurrect dead ones:

> **(a)** If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, **and such period has not expired before the date of the filing of the petition**, the trustee may commence such action only before the later of—

>  **(1)** the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
>  **(2)** two years after the order for relief.

11 U.S.C. § 108(a) (emphasis added).

8.   For these reasons, the Trustee's claim under UFTA § 6(b) is untimely, and the Court therefore should not accept any evidence or argument respecting it.

**WHEREFORE**, the Court should grant this motion and enter an order precluding the Trustee from submitting evidence or argument relative to his fraudulent transfer claim under UFTA § 6(b).

> Respectfully submitted,
>
> DOMENICK NICOLACI, ROSALIE HASSEY, LISA BOLING, and LORI BOLING RANDALL,
>
> By their attorneys,
>
> /s/ Charles R. Bennett, Jr.
> Charles R. Bennett, Jr. (BBO # 037380)
> Todd A. Newman (BBO # 629614)
> HANIFY & KING, P.C.
> One Beacon Street
> Boston, MA 02108
> (617) 423-0400

DATED: December 6, 2004

- 4 -

## CERTIFICATE OF SERVICE

    I, Charles R. Bennett, Jr., hereby certify that I have this 6th day of December 2004 caused a copy of the foregoing submission, captioned "Motion in Limine of Defendants Domenick Nicolaci, Rosalie Hassey, Lisa Boling, and Lori Boling Randall to Preclude the Trustee from Submitting Evidence or Argument Regarding His Untimely Fraudulent Transfer Claim Under Mass. G.L. c. 109A, § 6(b)," to be served upon counsel for each other party via the ECF filing system.

                                                         /s/ Charles R. Bennett, Jr.
                                                         Charles R Bennett, Jr.

419106