## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEWART F. GROSSMAN, TRUSTEE, *Plaintiff*, v. DOMENICK NICOLACI, JOHN NICOLACI, ROSALIE HASSEY, LISA BOLING, and LORI BOLING RANDALL, *Defendants*. | ) ) ) ) ) ) C.A. No. 1:03-12641-FDS ) ) ) ) ) ) ) ) |

### MOTION IN LIMINE OF DOMENICK NICOLACI, ROSALIE HASSEY, LISA BOLING, AND LORI BOLING RANDALL TO PRECLUDE THE TRUSTEE FROM SUBMITTING EVIDENCE CONCERNING THEIR BUSINESS DEALINGS WITH OR FINANCIAL INTERESTS IN BELLEVILLE REALTY CORPORATION AND NEW BEDFORD PRINCETON REALTY CORPORATION

Defendants Domenick Nicolaci, Rosalie Hassey, Lisa Boling, and Lori Boling Randall (collectively, the "Defendants" or the "Nicolacis") hereby move in limine to preclude the Plaintiff from submitting evidence concerning their business dealings with or financial interests in Belleville Realty Corporation ("Belleville") and New Bedford Princeton Realty Corporation ("Princeton").

Any remuneration received by the Nicolacis from Belleville or Princeton is irrelevant, as the Trustee's fraudulent transfer claim concerns only those funds transferred to the Nicolacis by *Cliftex* in connection with the Nicolacis' retirement from Cliftex and the simultaneous sale of their Cliftex stock back to the company. Thus, such evidence would be a prejudicial red herring, as it could lead the jury to believe that Cliftex paid more for the Nicolacis' stock than it actually did.

In support of this motion, the Nicolacis state as follows:

1. Joel Anapol and Domenick Nicolaci each is believed to have had a 50 percent interest in real estate company Belleville.

2. Joel Anapol, Walter Anapol, John Nicolaci, and Rosalie Hassey each is believed to have had a 25 percent interest in real estate company Princeton.

3. Cliftex leased space from Belleville and Princeton with respect to certain business operations.

4. At or around the time of the stock purchase at issue in this case, Belleville entered into a consulting agreement with Domenick Nicolaci. The agreement called for Mr. Nicolaci to manage certain properties for seven years in exchange for certain management fees.

5. In the Pre-Trial Memorandum, the Trustee indicated that he intends to introduce at trial certain documents respecting the Nicolacis' dealings with Belleville and Princeton. These documents include, but are not necessarily limited to, Cliftex's lease with Belleville, Cliftex's lease with Princeton, copies of checks paid by Cliftex to Belleville, and Mr. Nicolaci's consulting agreement with Belleville.

6. Insofar as Cliftex paid rent to Belleville and Princeton, it undisputedly received good and valuable consideration in return, i.e., the use of the needed rental space. Thus, remuneration received by the Nicolacis from Belleville or Princeton as a result of the Cliftex leases cannot fairly be construed as constituting any of the consideration Cliftex paid for their Cliftex stock when they retired from Cliftex.

7. Similarly, whether Belleville paid consulting fees to Domenick Nicolaci is irrelevant to the Trustee's fraudulent transfer claim, as it sheds no light on the relevant inquiry, i.e., whether Cliftex was insolvent during or as a result of its purchase of the Nicolacis' Cliftex stock, and whether Cliftex received reasonably equivalent value in return.

8. Evidence of the Nicolacis' business dealings with or financial interests in Belleville and Princeton not only is irrelevant but also is likely to confuse the jury by giving the impression that the Nicolacis received more consideration from Cliftex for their Cliftex stock than they actually did.

- 3 -

9. Such confusion would materially prejudice the Nicolacis, as it would likely influence the jury in its determination of whether the stock purchase rendered Cliftex insolvent or provided Cliftex with reasonably equivalent value.

**WHEREFORE**, the Court should grant this motion and enter an order precluding the Trustee from introducing evidence of the Nicolacis' business dealings with or financial interests in Belleville and Princeton.

Respectfully submitted,

DOMENICK NICOLACI, ROSALIE HASSEY,
LISA BOLING, and LORI BOLING RANDALL,

By their attorneys,

/s/ Charles R. Bennett, Jr.
Charles R. Bennett, Jr. (BBO # 037380)
Todd A. Newman (BBO # 629614)
HANIFY & KING, P.C.
One Beacon Street
Boston, MA 02108
(617) 423-0400

DATED: December 6, 2004

- 4 -

## CERTIFICATE OF SERVICE

    I, Charles R. Bennett, Jr., hereby certify that I have this 6th day of December 2004 caused a copy of the foregoing submission, captioned "Motion in Limine of Defendants Domenick Nicolaci, Rosalie Hassey, Lisa Boling, and Lori Boling Randall to Preclude the Trustee from Introducing Evidence Concerning Their Business Dealings with or Financial Interests in Belleville Realty Corporation and New Bedford Princeton Realty Corporation," to be served upon counsel for each other party via the ECF filing system.

                                            /s/ Charles R. Bennett, Jr.
                                            Charles R Bennett, Jr.

419135